**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 9:20-CR-29-2-MJT** |
| | § | |
| | § | |
| **FILIBERTO GIOVANNI ALVAREZ** | § | |
| **RANGEL** | § | |

**REPORT AND RECOMMENDATION ON**
**DEFENDANT'S MOTION FOR RECONSIDERATION**

Pursuant to 28 U.S.C. § 636, the Federal Rules of Criminal Procedure, and the Local

Rules for the Eastern District of Texas, this criminal matter is before the undersigned magistrate

judge for review, hearing if necessary, and submission of a report with recommended findings of

fact and conclusions of law. Now before the undersigned for a recommended disposition is

Defendant's *pro se* Motion for Reconsideration. (Doc. #148.) The Government filed a response

in opposition to Defendant's motion. (Doc. #150.)

**I.       DISCUSSION**

On February 24, 2023, the district court entered a Judgment against Filiberto Giovanni

Alvarez Rangel ("Rangel") convicting him of Conspiracy to Commit Money Laundering and

sentencing him to a term of 98 months' imprisonment with one year of supervised release. (Doc.

#115.) Rangel's Final Presentence Report indicated that he had an offense level of 34 that was

lowered to 31 due to three points for acceptance of responsibility. (Doc. #107.)

On March 22, 2024, Rangel, through court-appointed counsel, filed a Motion to Reduce

his Sentence pursuant to Amendment 821 enacted in 2023. (Doc. #142.) In this motion, Rangel

admitted that his offense level at sentencing was 31, but that his amended offense level should be

29 based upon the retroactive application of the zero-point offender amendment to the guidelines manual. (*Id.*) On April 1, 2025, the court ordered that Rangel's sentence be reduced from 98 months to 87 months' imprisonment. (Doc. #146.) Now, Rangel seeks reconsideration and argues that his offense level should be at 27 or 28 instead of 29. (Doc. 148.)

The Government filed a response stating that the court correctly calculated Rangel's offense level and he was given the appropriate reduction for acceptance of responsibility and under the retroactive amendment. (Doc. #150.) U.S. Probation likewise advised the court that Rangel's correct offense level after the retroactive amendment is 29.

After reviewing Rangel's case, the undersigned finds that the court correctly calculated Rangel's sentence reduction to 87 months' imprisonment with a reduction in offense level from 31 to 29. Rangel states in his current motion that he started at sentencing with an offense level of 31 and acceptance lowered him to a 29; however, the presentence report shows that his base offense level was 32 with two levels added for a conviction under 18 U.S.C. § 1956 for an adjusted total offense level of 34. (Doc. #107, p.7.) He then received a three-level decrease for acceptance of responsibility giving him a total offense level of 31. (*Id.* at 7-8.) That level was further reduced on April 1, 2025, to 29 applying the retroactive amendment. (Doc. #147.) Therefore, Rangel's motion lacks merit and should be denied.

## II.  <u>RECOMMENDED DISPOSITION</u>

The undersigned recommends that the district court deny the Defendant's Motion for Reconsideration. (Doc. #148.)

## III.  <u>OBJECTIONS</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing,

(2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 15th day of June, 2026.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

3